IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

**QUITMAN CARTER, 31889-044,**

    **Petitioner,**

    vs.                                             **CIVIL NO. 13-cv-742-DRH**

**JAMES CROSS,**

    **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    This matter is before the Court on petitioner's application for a writ of habeas corpus, filed on July 25, 2013. Petitioner is an inmate in the Federal Correctional Institution in Greenville. Once again, he is bringing a habeas corpus action pursuant to 28 U.S.C. §2241 to challenge the sentence imposed after his 2006 conviction in the Eastern District of Missouri. Petitioner pled guilty to the felony possession of a firearm in violation of 18 U.S.C. §922(g)(1) (2006). Three prior felony offenses (assault with intent to kill, second degree burglary, and involuntary manslaughter) were noted on his indictment (Doc. 1-1, pp. 26-27). Based on this criminal history, petitioner was sentenced as an armed career criminal pursuant to 18 U.S.C. §924(e)(1) (2006). He received a 180-month sentence; had he not been subject to the armed career criminal enhancement, his sentence would have been a maximum of 120 months. He did not appeal the

sentence.

**Prior Habeas Challenges**

Since petitioner's 2006 conviction, he has filed a total of nine previous collateral attacks on his sentence. *See Carter v. Cross*, Appeal No. 12-3700, Doc. 8 (7th Cir. Feb. 5, 2013) (Doc. 16-1 in S.D. Ill. Case No. 12-cv-1043-DRH). These include three unsuccessful § 2255 motions challenging his sentence in the Eastern District of Missouri (Case Nos. 07-cv-49, 08-cv-92, and 10-cv-26). The first motion was dismissed as time-barred. The second was also held to be time-barred and lacking proper pre-filing authorization from the appellate court. The third of these motions was transferred to the Eighth Circuit Court of Appeals for a determination as to whether to grant certification to file a successive § 2255 motion. Certification was denied on July 28, 2010 (8th Cir. Case No. 10-2137). Petitioner also filed three additional petitions with the Eighth Circuit, each seeking authorization to file a successive § 2255 habeas action in the district court (8th Cir. Case Nos. 10-3566, 11-3694, and 12-1644). Each of these requests was denied, the most recent one on July 3, 2012.

In this Court, petitioner has filed three previous §2241 petitions (Case Nos. 10-cv-639, 11-cv-832, and 12-cv-1043). All have been dismissed with prejudice; the most recent case on October 19, 2012. Petitioner appealed from the dismissal of that action. In affirming this Court's dismissal, the Seventh Circuit noted that if petitioner continued to "pursue claims that are clearly foreclosed or file other frivolous papers, he may be subject to sanctions under *Alexander v.*

*United States*, 121 F.3d 312 (7th Cir. 1997)." *Carter v. Cross*, Appeal No. 12-3700, Doc. 8, p. 2 (7th Cir. Feb. 5, 2013) (Doc. 16-1 in S.D. Ill. Case No. 12-cv-1043-DRH).

**The Petition**

The instant petition raises three intertwined arguments. First, petitioner claims that under *Begay v. United States*, 553 U.S. 137 (2008), he is "actually innocent" of being an armed career criminal (Doc. 1-1, pp. 9-16). He bases this claim on his reasoning that his Illinois felony conviction for attempted murder should not count as a "violent felony" in light of *Buchmeier v. United States*, 581 F.3d 561 (7th Cir. 2009), because, he argues, his civil rights were restored after he completed the sentence on that conviction. In petitioner's second argument, he asserts that a different conviction (involuntary manslaughter) should not have been counted as one of the three predicate felonies for the armed career criminal enhancement, because it was not a "crime of violence" after *Begay* (Doc. 1-1, pp. 17-19). This point was conceded by the Government in one of petitioner's earlier collateral challenges.[1] Third, focusing again on the Illinois attempted murder conviction, he claims that his civil rights were automatically restored by statute – and this included the right to possess a firearm once five years had elapsed after

---

[1] In its response to one of the petitions for authorization to file a successive § 2255 motion, the government conceded that the involuntary manslaughter conviction no longer qualified as a violent felony after the *Begay* decision (*See* Case No. 12-cv-1043-DRH, Doc. 1, p. 17). However, petitioner still had three other violent felony convictions to support his armed career criminal enhanced sentence: attempted murder, assault with intent to kill, and second degree burglary. *See Carter v. United States*, Eighth Circuit No. 11-3694, Response by Government, filed Dec. 20, 2011, p. 8. This government response provides a thorough summary of the arguments raised by petitioner in each of his attempts to obtain review in a § 2255 proceeding, which included the restoration of civil rights argument.

his release from prison on that offense (Doc. 1-1, pp. 20-23). He claims that because the Illinois statute in effect at the time had restored his civil rights with respect to the Illinois attempted murder conviction, as of his sentencing for the instant offense, that conviction should not have been used to justify the armed career criminal sentence enhancement.

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Furthermore, petitioner's filing herein is yet another attempt to bring the same claims before this Court which have been dismissed with prejudice in his earlier § 2241 cases. As such, the Seventh Circuit's warning in Appeal No. 12-3700 that the re-filing of foreclosed claims may subject petitioner to sanctions deserves serious consideration.

The first two arguments raised herein merely restate the claims petitioner has previously presented to this Court in one or more of his earlier § 2241 petitions (claims which he also raised in his applications to bring successive

§ 2255 motions). The third argument adds a slightly different twist to the previously-raised argument that petitioner's civil rights had been restored for the Illinois attempted murder conviction. However, the claim petitioner raises herein, that as of 2006, his Illinois conviction no longer barred him from possessing a firearm and thus his civil rights had been fully restored, could have been presented in any of his earlier collateral attacks, as well as at his sentencing. This Illinois conviction was reported to the sentencing court in petitioner's Pre-Sentence Investigation Report as a previous felony conviction (*Carter v. United States*, Eighth Circuit No. 11-3694, Response by Government, filed Dec. 20, 2011, p. 4). Petitioner did not object to that finding at the time.

Petitioner challenged the use of the involuntary manslaughter conviction to enhance his sentence, based on *Begay*, in the first §2241 petition (Case No. 10-cv-639, filed on August 20, 2010) he brought in this Court. This Court dismissed that petition with prejudice on February 2, 2011, reasoning that the claim should have and could have been raised in a § 2255 motion. *See In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998). This judgment was affirmed on appeal (7th Circuit Appeal No. 11-2110).

In his second §2241 petition (Case No. 11-cv-832, filed on September 13, 2011), petitioner again argued that under *Begay*, he should not have been sentenced as an armed career criminal. He added the argument that the enhanced sentence was in error because his civil rights had been restored after he completed the sentences on some of his prior crimes. That action was dismissed

with prejudice on November 18, 2011, because the *Begay* claim had been previously dismissed with prejudice, and the civil rights restoration claim should have been brought in a § 2255 proceeding. (Petitioner did in fact raise these arguments in his unsuccessful attempts to bring second/successive § 2255 proceedings. *See* Eighth Circuit Nos. 10-3566, 11-3694, and 12-1644).

Similarly, the petition in Case No. 12-cv-1043 (filed on Sept. 28, 2012) re-asserted the same grounds that had been dismissed with prejudice in Case No. 11-cv-832. In dismissing the petition, this Court noted that the civil rights restoration claim could have been raised in petitioner's original § 2255 motion. It was not a novel theory based on a decision announced after petitioner's conviction, as petitioner suggests herein in his discussion of *Buchmeier v. United States*, 581 F.3d 561 (7th Cir. 2009) and *United States v. Burnett*, 641 F.3d 894 (7th Cir. 2011). As this Court noted in *Gillaum v. Cross*, No. 11-cv-482-DRH, 2013 WL 1728400, at *3 (S.D. Ill. April 22, 2013), *Buchmeier* is merely one of "a long line of cases stretching back to 1990, when the Seventh Circuit decided *United States v. Erwin*, 902 F.2d 510 (7th Cir. 1990). In *Buchmeier*, the court noted that although the discussion of § 921(a)(20) in *Erwin* may have been dictum, that approach became the holding in a 1994 case [*United States v. Glaser*, 14 F.3d 1213 (7th Cir. 1994)] and has been followed in this circuit since." *Alicea v. Rios*, 2012 U.S. Dist. LEXIS 166008, at *7 (C.D. Ill. Nov. 21, 2012) (citing *Buchmeier*, 581 F.3d at 565). Thus, § 2255 was not an inadequate remedy for petitioner to bring his civil rights restoration claims.

As with his previous three attempts to seek relief in this Court under § 2241, petitioner has not demonstrated that § 2255 is an inadequate remedy for his current claims. He thus cannot raise these claims via a § 2241 petition. *See In re Davenport*, 147 F.3d 605 (7th Cir. 1998). The instant petition shall be dismissed with prejudice.

That leaves the matter of whether sanctions against petitioner are appropriate. In *Alexander v. U.S.*, 121 F.3d 312, 315-16 (7th Cir. 1997), the Seventh Circuit imposed a monetary sanction as well as an order that future filings by the petitioner would be deemed denied on the 30th day unless the court entered an order to the contrary. The circuit relied on the principle that courts have "inherent powers to protect themselves from vexatious litigation." *Id*. at 316 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)). *Alexander* involved a prisoner's repetitive and redundant applications to the Seventh Circuit for leave to file a successive § 2255 action.

The appellate court has warned petitioner that his continued filing of claims that are clearly foreclosed or frivolous may subject him to sanctions pursuant to *Alexander*. *Carter v. Cross*, Appeal No. 12-3700, Doc. 8 (7th Cir. Feb. 5, 2013) (Doc. 16-1 in S.D. Ill. Case No. 12-cv-1043-DRH). However, in the instant action he has yet again filed a petition (his tenth collateral attack) asserting claims that have been dismissed multiple times, and which this Court's previous rulings have clearly deemed foreclosed. This action is sanctionable under *Alexander*, and also runs afoul of Federal Rule of Civil Procedure 11(b)(1) and (2). Petitioner has

consumed more than his share of valuable judicial resources, not only in this Court, but in the Seventh and Eighth Circuit Appellate Courts, with his repeated and redundant filings.

Accordingly, petitioner is **ORDERED TO SHOW CAUSE,** no later than September 13, 2013 why this Court should not find him in violation of Rule 11(b) and/or of the Seventh Circuit's warning against bringing further frivolous or foreclosed claims. If the Court finds that petitioner has failed to show cause why he should not be sanctioned, an order shall be entered that in the future, any further applications for habeas relief filed in this Court will be deemed dismissed with prejudice on the 30th day after such filing, unless the Court otherwise orders.

### Disposition

The instant § 2241 petition is summarily **DISMISSED** with prejudice. The Clerk is **DIRECTED** to enter judgment accordingly.

If petitioner wishes to appeal the dismissal of this action, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $455.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28

U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, another appeal may expose petitioner to additional sanctions in the discretion of the appellate court. A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: August 19, 2013**

Digitally signed by David R. Herndon
Date: 2013.08.19 11:16:25 -05'00'

**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**